UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-CV-21251-DAMIAN/AUGUSTIN-BIRCH

RAUL JIMENEZ,

    Plaintiff,

v.

MARTIN O'MALLEY, *Commissioner of Social Security*,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON MOTIONS FOR SUMMARY JUDGMENT

    This cause comes before the Court on Plaintiff Raul Jimenez's Motion for Summary Judgment, DE 19; DE 12, and Defendant Martin O'Malley's Motion for Summary Judgment. DE 17. The Honorable Melissa Damian, United States District Judge, referred this matter to the undersigned United States Magistrate Judge for a report and recommendation on all dispositive motions. DE 7. The Court has carefully considered the parties' briefing and the record and is otherwise fully advised in the premises. For the following reasons, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** Plaintiff's Motion for Summary Judgment [DE 19] and **DENYING** Defendant's Motion for Summary Judgment [DE 17].

### I. Background

    On August 10, 2018, Plaintiff applied for a period of disability and disability insurance benefits, alleging a disability onset date of April 27, 2018. DE 9-5 at 5–6.[1] Defendant denied Plaintiff's application initially, DE 9-4 at 6–8, and after reconsideration. *Id.* at 10–15. Thereafter,

---

[1] The transcripts for the proceedings below are located at Docket Entry 9-1 through 9-14. The page numbers cited herein refer to the page numbers assigned by CM/ECF, not the internal pagination of the transcripts.

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), *id.* at 18–19, and an ALJ held a hearing on January 9, 2020. DE 9-8 at 62–95. After the hearing, the ALJ issued an unfavorable decision, finding that Plaintiff was not disabled. DE 9-2 at 13–27. Plaintiff appealed the ALJ's decision to Defendant's Appeals Council, and the Appeals Council denied Plaintiff's appeal. *Id.* at 2–7. Subsequently, Plaintiff initiated litigation to seek judicial review of the ALJ's decision, DE 9-9 at 27–29, and the Honorable Lauren Fleischer Louis, United States Magistrate Judge, issued a report and recommendation, recommending that the matter be remanded to the ALJ. *Id.* at 30–51. The Honorable K. Michael Moore, United States District Judge, adopted Judge Louis' report and recommendation and remanded the matter to the ALJ. *Id.* at 52–54. In the remand order, Judge Moore ordered the ALJ to reassess and reconsider five areas of her decision on remand:

1. "To reassess Plaintiff's RFC limitations in light of this Court's determination that Dr. Castro's April 1, 2019 letter is in fact a 'medical opinion' under 20 C.F.R. § 404.1513";
2. "To reassess its findings regarding Dr. Mayra Miro's report and to provide further evidence in support of its renewed conclusion";
3. "To reassess its findings regarding Plaintiff's interpersonal interactions with coworkers and supervisors, and to provide further evidence in support of its renewed conclusion";
4. "To reconsider Plaintiff's own testimony regarding his symptoms and impairments and to provide further evidence in support of its renewed conclusion"; and
5. "To redetermine whether it is necessary to proceed to Step Five of the analysis in light of the ALJ's reconsideration of Plaintiff's RFC limitations as described above."

*Id.* at 54.

After Judge Moore remanded the matter, Plaintiff amended his disability onset date from April 27, 2018, to March 1, 2019. DE 9-11 at 12. On remand, the ALJ held a hearing on October 11, 2023. DE 9-8 at 27–61. Afterwards, the ALJ issued a second unfavorable decision, again finding that

Plaintiff was not disabled. *Id.* at 2–19. Thereafter, Plaintiff initiated this litigation to seek judicial review of the ALJ's decision, DE 1, and filed a brief in support of his appeal. DE 12. In response, Defendant filed a Motion for Summary Judgment, DE 17, and Plaintiff filed a reply. DE 18.

## II. The ALJ's Analysis and Decision

To determine whether a claimant is disabled, an ALJ utilizes a sequential, five-step process. 20 C.F.R. § 404.1520(a)(4). If, at any step, an ALJ can determine that a claimant is or is not disabled, an ALJ makes a determination or decision at that point and does not proceed to the next step. *Id.* However, if an ALJ cannot determine whether a claimant is or is not disabled at a step, an ALJ then proceeds to the next step of the analysis. *Id.* The five-step process, and the ALJ's finding for each step of Plaintiff's analysis, are as follows.

First, an ALJ considers the claimant's work activity, if any. *Id.* § 404.1520(a)(4)(i). If the claimant is engaged in substantial gainful activity, an ALJ will find the claimant to not be disabled. *Id.* Here, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 1, 2019, the alleged onset date of Plaintiff's disability. DE 9-8 at 8.

Second, an ALJ considers the medical severity of the claimant's impairment(s). 20 C.F.R. § 404.1520(a)(4)(ii). If an ALJ determines that a claimant does not have a severe medically determinable physical or mental impairment, or combination of impairments, that meets the duration requirement in 20 C.F.R. § 404.1509, an ALJ will find a claimant to not be disabled. *Id.* Here, the ALJ found Plaintiff to have the following severe impairments: "bipolar II disorder, generalized anxiety disorder, and agoraphobia" DE 9-8 at 8. The ALJ also found Plaintiff to have the non-severe impairments of hypertension and obesity. *Id.*

Third, an ALJ considers the medical severity of a claimant's impairment(s). 20 C.F.R. § 404.1520(a)(4)(iii). If a claimant's impairment(s) meets or equals one of the listings in Appendix 1 and satisfies the duration requirement, an ALJ will find the claimant to be disabled. *Id.* Here, the ALJ

found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in Appendix 1. DE 9-8 at 8.

Fourth, an ALJ considers the residual functional capacity ("RFC") of a claimant and the claimant's past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If an ALJ determines that a claimant can still perform the claimant's past relevant work, an ALJ will find the claimant to not be disabled. *Id.* Here, the ALJ found that Plaintiff has the RFC to "perform a full range of work at all exertional levels but with the following nonexertional limitations":

1. Should not climb ladders, ropes, or scaffolds, work at unprotected heights, or operate dangerous machinery;
2. Can carry out simple and detailed instructions and tasks that are "between reasoning level one through three";
3. Can sustain attention and concentration for two-hour periods at a time, and for eight hours in a day "on simple and detailed, but uninvolved written or oral tasks and instructions, consistent with reasoning level one through three" and that are simple, routine, and repetitive;
4. Can maintain concentration, persistence, and pace for two hour blocks at a time for eight hours a day, but "requires a job that provides a break normally offered to all employees of 15 minutes, and a standard meal break of about 30 minutes," such that Plaintiff gets a break of 15 minutes in the morning after two hours of work, a break for lunch at midday, and another break of 15 minutes in the afternoon after two hours of work;
5. Can interact appropriately with others in a work environment throughout the workday without distracting them or exhibiting behavioral extremes "so long as there is no more than occasional interaction with the public, no more than occasional interaction with supervisors, and no more than occasional interaction with coworkers";
6. Can interact sufficiently to receive daily tasks assignments and respond to brief status updates in a work environment where workers perform assignments independently of one another and are responsible for their own tasks; and
7. Can work at a flexible pace—which is defined as a work environment that is free from fast paced production work—and a pace that is "free of fixed-timed hourly units during the work shift, but the employer can set end of the work-day productivity goals, and also where there are no tandem tasks or teamwork where one's production is dependent upon the prior worker."

DE 9-8 at 10–11. Based on this RFC, the ALJ determined that Plaintiff was unable to perform his past relevant work as a store manager or employment training specialist. *Id.* at 17.

Lastly, an ALJ considers a claimant's RFC, age, education, and work experience to determine if a claimant can make adjustments to perform other work. 20 C.F.R. § 404.1520(a)(4)(v). If a claimant can make adjustments, an ALJ will find the claimant to not be disabled. *Id.* But if a claimant

4

cannot make adjustments to other work, an ALJ will find the claimant to be disabled. *Id.* Here, although the ALJ found that Plaintiff was not capable of performing his past relevant work, the ALJ concluded that Plaintiff was capable of making adjustments to other work that exists in significant numbers in the national economy, such as a store laborer, industrial cleaner, or laundry worker. DE 9-8 at 18. Accordingly, the ALJ determined that Plaintiff was not disabled. *Id.* at 19.

### III. Standard of Review

Judicial review of an ALJ's disability determination is limited to whether substantial evidence supports the ALJ's decision and whether the ALJ applied the correct legal standard. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). When determining whether substantial evidence exists to support the findings of an ALJ, courts do not reweigh the evidence or substitute their judgement for that of the ALJ. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Even if the evidence preponderates against the Secretary's factual findings, [courts] must affirm if the decision reached is supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

After receiving instructions in a remand order, "the ALJ *must* do as [the order] instructs." *Russ v. Astrue*, No. 3:07-CV-1213-J-MCR, 2009 WL 764516, at *6 (M.D. Fla. Mar. 20, 2009); *e.g., Philpott v. Kijakazi*, No. 6:21-CV-323-JRK, 2022 WL 3273950, at *6 (M.D. Fla. Aug. 11, 2022) ("As a reviewing court, this Court's judgment and remand instructions were to be followed by the ALJ on remand."); *Norris v. Berryhill*, No. 616CV2040ORL37JRK, 2018 WL 798221, at *10 (M.D. Fla. Feb. 5, 2018) (explaining that an ALJ must follow remand instructions), *report and recommendation adopted sub nom. Norris v. Comm'r of Soc. Sec.*, No. 616CV2040ORL37JRK, 2018 WL 814702

(M.D. Fla. Feb. 9, 2018). If an ALJ does not follow the mandate of the remanding court, the ALJ commits legal error. *Russ*, 2009 WL 764516, at *6.

## IV. Analysis

Plaintiff raises four arguments on appeal. First, Plaintiff contends that the ALJ did not follow Judge Moore's remand order when reevaluating Dr. Miro's opinion. DE 12 at 16–19. Second, Plaintiff maintains that the ALJ erred when evaluating Dr. Castro's opinion. *Id.* at 19–24. Third, Plaintiff asserts that the ALJ erred by not crediting his testimony. *Id.* at 24–29. Lastly, Plaintiff argues that the ALJ's finding that he can adjust to other work in the national economy was not supported by substantial evidence. *Id.* at 29–30. Some of Plaintiff's arguments have merit, and the Court will discuss each argument in turn.

### A. The ALJ's Evaluation of Dr. Miro's Opinion

For his first argument on appeal, Plaintiff contends that the ALJ failed to follow Judge Moore's remand order requiring her to reassess Dr. Miro's opinion. *Id.* at 16. In particular, Plaintiff maintains that the ALJ erred by issuing "nearly identical findings, citing to no additional evidence in support" and failing "to cite to the balance of Dr. Miro's notes." *Id.* at 17. The ALJ, however, offered additional evidence in support of her renewed conclusion, and Plaintiff fails to address this evidence.

#### 1. The ALJ's Previous Evaluation of Dr. Miro's Opinion and the Remand Order

In the ALJ's prior disability decision, the ALJ noted Dr. Miro's opinion that Plaintiff "lacked emotional and cognitive functioning capacity to resume any type of work, including marked impairment in meeting regular job responsibilities and work demands, dealing with work stress, self-initiated behaviors and stamina and dealing with co-workers." DE 9-2 at 24–25. However, the ALJ did not find Dr. Miro's opinion to be persuasive based on her determination that Dr. Miro's opinion was inconsistent with the overall medical record and Dr. Miro's own findings. *Id.* at 25. As support for her determination, the ALJ cited Plaintiff's "contemporaneous mental status examination," which,

6

according to the ALJ, showed that Plaintiff had "normal thought processes and thought content," was "fully oriented with grossly intact memory," and "was fully cooperative with good effort on cognitive tasks." *Id.*

In Judge Louis' report and recommendation, Judge Louis found two issues with the ALJ's consideration of Dr. Miro's opinion. First, Judge Louis found that the ALJ selectively cited Dr. Miro's opinion and omitted portions of Dr. Miro's opinion that "described the negative effects of Plaintiff's impairments." DE 9-9 at 43–44. As such, Judge Louis concluded that the "ALJ's selective use of evidence does not constitute substantial evidence." *Id.* at 44. Second, Judge Louis found that the ALJ failed to cite any evidence demonstrating that Dr. Miro's opinion was inconsistent with the overall medical evidence of record. *Id.* Accordingly, Judge Louis recommended remanding the matter to the ALJ for a more thorough reconsideration of Dr. Miro's opinion. *Id.* Judge Moore agreed with Judge Louis' recommendation and remanded for the ALJ to "reassess its findings regarding Dr. Mayra Miro's report and to provide further evidence in support of its renewed conclusion." *Id.* at 54.

### 2. The ALJ's Current Evaluation of Dr. Miro's Opinion

In the ALJ's current disability decision, the ALJ conducted almost the same analysis of Dr. Miro's opinion. To start, the ALJ noted Dr. Miro's opinion that Plaintiff "lacked emotional and cognitive functioning capacity to resume any type of work, including marked impairment in meeting regular job responsibilities and work demands, dealing with work stress, self-initiated behaviors and stamina and dealing with co-workers." DE 9-8 at 16. The ALJ found Dr. Miro's opinion to be unpersuasive because it was "inconsistent with the overall medical evidence of record" and "Dr. Miro's own examination findings." *Id.* As support for her determination, the ALJ largely cited the same evidence as before. *Compare id.*, *with* DE 9-2 at 24–25. Crucially, however, the ALJ included one new piece of evidence as to why she found Dr. Miro's October 27, 2018 opinion to be

7

unpersuasive: it "was rendered prior to [Plaintiff's] amended alleged onset date" of March 1, 2019. DE 9-8 at 16.

### 3. Plaintiff's Argument on Appeal

In his brief, Plaintiff includes no argument regarding the ALJ's new, additional reason for discounting Dr. Miro's opinion. Instead, Plaintiff cites caselaw standing for the proposition that an ALJ must follow remand instructions and claims that the ALJ here failed to abide by Judge Moore's remand order. *See* DE 12 at 17–19. But the ALJ was tasked on remand with reassessing her findings and providing "further evidence in support of [her] renewed conclusion." DE 9-9 at 54. And the ALJ provided a piece of further evidence to support her renewed conclusion: the fact that Dr. Miro's October 27, 2018 examination and opinion predated Plaintiff's March 1, 2019 alleged disability onset date.[2] Since Plaintiff makes no argument as to why this new piece of evidence fails to comply with Judge Moore's remand order, Plaintiff has waived any potential argument. *See Ramos v. Saul*, No. 18-24519-CIV, 2020 WL 5096879, at *6 n.5 (S.D. Fla. Aug. 28, 2020) (finding any arguments not raised against an ALJ's decision to be waived); *see also Chambers v. Saul*, No. 18-24634-CIV, 2020 WL 4757336, at *6 (S.D. Fla. Apr. 29, 2020) (finding perfunctory and unsupported arguments to be waived), *report and recommendation adopted*, No. 18-24634-CIV, 2020 WL 4753299 (S.D. Fla. Aug. 17, 2020).

Furthermore, some courts within this Circuit have found medical evidence and opinions that antedate an alleged disability onset date to be of little or no relevance. *See, e.g.*, *Aldao v. Colvin*, No. 14-CV-22726, 2016 WL 3583632, at *8 (S.D. Fla. Feb. 29, 2016) ("Medical evidence that predates the alleged disability onset date is ordinarily not relevant to evaluating a claimant's disability." (alteration and quotation marks omitted)), *report and recommendation adopted*, No. 14-22726-CIV,

---

[2] Plaintiff amended his alleged disability onset date after Judge Moore remanded the matter to the ALJ. *See* DE 9-9 at 54 (remand order dated October 3, 2022); DE 9-11 at 12 (Plaintiff's consent to amend onset date signed September 18, 2023). Therefore, this was a new fact for the ALJ to consider on remand.

2016 WL 1236899 (S.D. Fla. Mar. 30, 2016); *Chaney-Everett v. Astrue*, 839 F. Supp. 2d 1291, 1303 n.9 (S.D. Fla. 2012) ("Claimant also cites to her low Global Assessment of Functioning scores; yet, these tests also predate the relevant period in this case and are therefore not relevant to her current disability application."); *Jones v. Saul*, No. 1:19CV123-CAS, 2020 WL 1704411, at *16 (N.D. Fla. Apr. 6, 2020) ("[M]edical opinions that predate the claimed onset of disability are of limited relevance when the medical records applicable to the period under review do not bear out the conclusions."); *Hoppel v. Comm'r of Soc. Sec.*, No. 6:11-CV-1148-ORL-31, 2012 WL 2115504, at *3 (M.D. Fla. May 25, 2012) (finding no error in ALJ's failure to discuss or evaluate treatment notes of a doctor who treated plaintiff prior to the alleged onset of disability date where plaintiff failed to demonstrate the relevance of those treatment notes), *report and recommendation adopted*, No. 6:11-CV-1148-ORL-31, 2012 WL 2115498 (M.D. Fla. June 11, 2012); *Smith v. Astrue*, No. CV511-090, 2012 WL 1906380, at *4 (S.D. Ga. May 3, 2012) ("An administrative law judge does not have to consider medical reports that antedate a claimant's alleged disability onset date."), *report and recommendation adopted*, No. CV511-090, 2012 WL 1906556 (S.D. Ga. May 25, 2012). As such, it was incumbent on Plaintiff to explain why the ALJ committed harmful error by discounting Dr. Miro's opinion on the basis that it was rendered prior to Plaintiff's alleged disability onset date. *See Walker v. Comm'r of Soc. Sec.*, No. 8:22-CV-649-MAP, 2023 WL 2473440, at *6 (M.D. Fla. Mar. 13, 2023) ("The burden of showing that an error is harmful normally falls on the party attacking the agency's determination." (quotation marks omitted)); *see also Shinseksi v. Sanders*, 556 U.S. 396, 409 (2009) (same). Having failed to include any argument or caselaw on this matter, the Court further finds that Plaintiff has failed to meet his burden of demonstrating that the ALJ committed harmful error when evaluating Dr. Miro's opinion. For these reasons, the Court finds no error in the ALJ's renewed evaluation of Dr. Miro's opinion.

### B. The ALJ's Evaluation of Dr. Castro's Opinion

For his second argument on appeal, Plaintiff contends that the ALJ erred when evaluating Dr. Castro's opinion because she "selectively cited from the evidence of record and failed to consider the fluctuating nature of bipolar disorder." DE 12 at 19. The Court agrees that the ALJ erred when evaluating Dr. Castro's opinion.

#### 1. The ALJ's Previous Evaluation of Dr. Castro's Opinion and the Remand Order

In the ALJ's prior disability determination, the ALJ noted that Dr. Castro provided a letter on April 1, 2019, to Plaintiff's previous employer, which "indicated [Plaintiff] needed continued treatment and recovery before returning to his professional duties because of continued symptoms of depression and anxiety." DE 9-2 at 24. However, the ALJ did not find Dr. Castro's opinion to be persuasive. *Id.* The reason for this determination was the ALJ's finding that Dr. Castro "neither specifically identified a medically determinable impairment nor provided a function-by-function assessment of [Plaintiff's] limitations." *Id.* Accordingly, the ALJ did not consider Dr. Castor's letter to constitute a "functional assessment." *Id.*

In Judge Louis' report and recommendation, Judge Louis found that Dr. Castro's letter "fits squarely into the definition of a medical opinion." DE 9-9 at 42. Thus, Judge Louis recommended that the matter be remanded for the ALJ to reconsider Dr. Castro's opinion. *Id.* at 43. Judge Moore agreed with Judge Louis' recommendation and ordered that the ALJ "reassess Plaintiff's RFC Limitations in light of this Court's determination that Dr. Castro's April 1, 2019 letter is in fact a 'medical opinion.'" *Id.* at 54.

#### 2. The ALJ's Current Evaluation of Dr. Castro's Opinion

In the ALJ's current disability determination, the ALJ noted that Dr. Castro provided letters on April 1, 2019, February 2021, January 2022, September 2022, and April 11, 2023. DE 9-8 at 15. In the April 1, 2019 letter, which was provided to Plaintiff's former employer, Dr. Castro explained

10

that Plaintiff needed "continued treatment and recovery before returning to his professional duties because of continued symptoms of depression and anxiety." *Id.* Dr. Castro further observed in the April 1, 2019 letter that Plaintiff displayed high levels of anxiety and extended periods of low mood and that he "remained at an increased risk for experiencing sudden moments of irritability, panic attacks, extreme fatigue, poor concentration, and emotional sensitivity." *Id.* As a result, Dr. Castro opined that Plaintiff should "not return to his professional duties until greater levels of personal functioning were consistently achieved." *Id.* The ALJ once again found Dr. Castro's opinion to be unpersuasive.

As support for her determination, the ALJ noted that Plaintiff generally attended monthly psychotherapy sessions with Dr. Castro and that, although Plaintiff reported mood fluctuations, lack of motivation, and laziness, most of Plaintiff's mental status examinations at the therapy sessions were within normal limits. *Id.* Specifically, the ALJ highlighted that Dr. Castro observed that Plaintiff was "attentive with normal motor functioning"; was "positive, stable, broad and consistent with report and content of increased functioning"; had "coherent thought processes and no impairment of thought content"; "was fully oriented to time, person, and place"; had "no deficits in attention and concentration"; had an "unremarkable memory"; and "reported overall improved mood with moments of fluctuations in mood with treatment adherence." *Id.* at 15–16. Lastly, the ALJ also noted that, in August 2023, Dr. Castro "praised and highlighted [Plaintiff's] reduction in the severity of symptoms and improved behavioral management." *Id.* at 16.

### 3. Plaintiff's Argument on Appeal

On appeal, Plaintiff maintains that the ALJ's discounting of Dr. Castro's opinion was not "based on substantial evidence" because "the ALJ selectively cited from the evidence of record and failed to consider the fluctuating nature of bipolar disorder." DE 12 at 19. The Court agrees that the ALJ's discounting of Dr. Castro's opinion was not based on substantial evidence.

Essentially, the ALJ found Dr. Castro's opinion to be unpersuasive because it was inconsistent with Dr. Castro's observations and evaluations of Plaintiff at his therapy sessions. *See* DE 9-8 at 15–16 (noting that "at the bulk of his appointments [Plaintiff's] mental status examinations were generally within normal limits" and specifically noting that Plaintiff was "attentive with normal motor functioning"; had an affect that was "positive, stable, broad, and consistent with report and content of increased functioning"; had clear thought processes with no impairment; was "fully oriented to time, person, and place"; and had no deficient in his attention and concentration and had an unremarkable memory). However, the Eleventh Circuit has held that these findings are not, on their own, inconsistent with a physician's opinion about the disabling effects of a claimant's disabilities.

For example, in cases where, as here, a claimant has been diagnosed with mental and emotional disorders, the Eleventh Circuit has held that it is generally not an adequate basis to reject a physician's opinion based on a physician's observations that a claimant was "cooperative" and had "organized speech," "relevant thought content," "fair insight," and "intact cognition" during an evaluation. *See Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094, 1107 (11th Cir. 2021).[3] The Eleventh Circuit has also explained that the "fact that [a claimant] can communicate, maintain eye contact, and follow simple instructions during a mental-health evaluation does not have any obvious bearing" on a claimant's mood swings, panic attacks, outbursts of anger, or fear of leaving home. *Id.* at 1108. Therefore, because the ALJ here discounted Dr. Castro's opinion based on similar observations in Dr. Castro's treatment notes, without providing any additional analysis or evidence

---

[3] In its Motion for Summary Judgment, Defendant contends that *Simon* is inapplicable because it was decided under Defendant's prior regulations for evaluating a treating source's opinion. DE 17 at 16 ("*Simon* is inapplicable here."). While *Simon* was decided under Defendant's prior regulations, the Eleventh Circuit in *Simon* explicitly ruled that the ALJ's decision in that case "pointed to no genuine inconsistencies between Dr. Turner's opinions and her treatment notes" and "the other medical evidence." *Simon*, 7. F.4th at 1108. This is the standard by which ALJs are now required to evaluate a treating source's opinion. *See Tocco v. Comm'r of Soc. Sec.*, No. 8:21-CV-399-TPB-SPF, 2022 WL 3362863, at *7 (M.D. Fla. July 28, 2022) (explaining that, under Defendant's new regulations, "the ALJ must analyze whether the medical source's opinion is (1) supported by the source's own records, and (2) consistent with the other evidence of record"). Accordingly, the Court finds that the Defendant's new regulations do not impact the portions of *Simon* cited herein.

to support her decision, *see* DE 9-8 at 15, the Court finds there is not substantial evidence to support the ALJ's evaluation of Dr. Castro's opinion. *See Castro v. Acting Comm'r of Soc. Sec.*, 783 F. App'x 948, 956 (11th Cir. 2019) ("Without more, we cannot say that [the treating physician's] observations of Castro's judgment, insight, thought process, and thought content in a treatment environment absent work stressors were inconsistent with [the treating physician's] observations about the limitations [the claimant] would face in a day-to-day work environment.").

In addition to discounting Dr. Castro's opinion based on the reasons discussed above, the ALJ also noted that Plaintiff "reported overall improved mood with moments of fluctuations in mood with treatment adherence" and that "Dr. Castro praised and highlighted [Plaintiff's] reduction in the severity of symptoms and improved behavioral management." DE 9-8 at 16. The ALJ considered these to be additional reasons for finding Dr. Castro's opinion to be unpersuasive. *Id.* However, the Eleventh Circuit has also held that "a provider's treatment note stating that a patient's condition has improved is not necessarily inconsistent with an opinion that the patient continues to experience limitations." *Castro*, 783 F. App'x at 956. Accordingly, merely noting that Dr. Castro observed an improvement in Plaintiff's symptoms, without further analysis or evidence, is not substantial evidence to support the ALJ's discounting of Dr. Castro's opinion.

For these reasons, the Court concludes that the ALJ erred when evaluating Dr. Castro's opinion on remand. And the Court cannot say that this error was harmless. *Cf. Nyberg v. Comm'r of Soc. Sec.*, 179 F. App'x 589, 592 (11th Cir. 2006) ("[W]e cannot say that the failure to address Dr. Trowbridge's opinion was harmless without re-weighing the evidence and engaging in conjecture that invades the province of the ALJ."). Accordingly, the Court recommends remanding the matter for the ALJ to reevaluate Dr. Castro's opinion and to reassess Plaintiff's RFC to the extent necessary based on that new evaluation.

### C. The ALJ's Evaluation of Plaintiff's Testimony

For his third issue on appeal, Plaintiff contends that the ALJ failed to comply with Judge Moore's remand order because the ALJ relied "on a selective discussion of the same very limited activities previously cited to discredit" Plaintiff. DE 12 at 26. The Court agrees that the ALJ did not abide by Judge Moore's remand order.

In her first disability determination, the ALJ discredited Plaintiff's subjective testimony about his symptoms based on two findings. First, the ALJ found that the medical evidence of record demonstrated that Plaintiff's mental functioning and status were normal, and the ALJ cited Dr. Castro and Dr. Miro's medical records as evidence of Plaintiff's normal mental functioning. DE 9-2 at 22–23. And second, the ALJ found that Plaintiff's reported daily activities—such as him bathing, cleaning, dressing himself, and caring for his pet—were inconsistent with his subjective testimony. *Id.* at 23–24.

When Judge Louis reviewed the ALJ's first disability determination, Judge Louis found two problems. First, by finding that Plaintiff's treatment and medications were generally successful in controlling his symptoms and that Plaintiff had normal mental status examinations, Judge Louis found that the ALJ had failed to consider "the entire medical evidence in the record." DE 9-9 at 47. Specifically, Judge Louis noted Dr. Castro's April 1, 2019 letter and Dr. Castro's treatment notes, which documented significant but waxing and waning symptoms of anxiety, depression, and hypomania. *Id.* Judge Louis also cited to *Simon* to note that occasional references to a claimant being stable on medication and having normal mental status findings during examinations—such as good eye contract, attention, and concentration—are not necessarily inconsistent with a finding of a debilitating illness. *Id.* at 47–48. Thus, Judge Louis found that the ALJ's discrediting of Plaintiff's subjective testimony based on the medical evidence showing normal mental status during examinations was not supported by substantial evidence.

Second, Judge Louis again cited *Simon* to explain that the ALJ's finding that Plaintiff can carry out certain daily activities did not constitute good cause to discredit Plaintiff's testimony. *Id.* at 48–49. Judge Louis also found that the "ALJ failed to consider other aspects of Plaintiff's testimony and record evidence," such as Dr. Miro's notation that Plaintiff "stays home most of the time, experiences anxiety and impatience, and denies going to the supermarket for grocery shopping" and Plaintiff's testimony that he occasionally skips bathing and eating and only leaves his home to see his doctors and therapist. *Id.* at 49. As such, Judge Louis determined that the "evidence that Plaintiff can carry out certain activities independently" and that "Plaintiff's treatment and medication have been generally successful in controlling his symptoms" were "not adequate reasons to discredit Plaintiff's testimony in light of the medical evidence and other evidence of record." *Id.* at 49–50. Judge Moore adopted these findings and ordered the ALJ to "reconsider Plaintiff's own testimony regarding his symptoms and impairments and to provide further evidence in support of [her] renewed conclusion" on remand. *Id.* at 53–54.

In her current disability determination, the ALJ began again by noting that Dr. Castro's "treatment records show that [Plaintiff's] mental status examinations were generally within normal limits" and that Plaintiff's symptoms and behavior were improving. DE 9-8 at 12. The ALJ then cited to Dr. Samir Sabbag and Dr. Maria Teresa Rivas-Torres' treatment notes to explain that those notes also included normal mental status examinations. *Id.* at 13. From there, the ALJ again reiterated that Plaintiff's claims about his mental limitations were inconsistent with "the bulk of his mental status examinations [that] were within normal limits." *Id.* Thus, the ALJ concluded that "the evidence suggests . . . that [Plaintiff's] subjective symptoms may not be accurately reported or may have other mitigating factors against their negative impact on the claimant's ability to engage in work activity." *Id.* at 14.

However, despite being ordered on remand to "reconsider Plaintiff's own testimony regarding his symptoms and impairments and to provide further evidence in support of [her] renewed conclusion," DE 9-9 at 54, the ALJ relied on evidence that Judge Moore, by adopting Judge Louis' recommendation, already found to be inadequate. For example, the ALJ mainly emphasized that Plaintiff's mental status examinations were within normal limits and this time included a brief mention of Dr. Sabbag and Dr. Rivas-Torres' treatment notes as further evidence of this point. But Judge Louis previously determined that the ALJ's finding—that Plaintiff's mental status examinations were within normal limits—failed to consider "the entire medical evidence in the record." *Id.* at 47. Specifically, Judge Louis found that the ALJ overlooked Dr. Castro's April 1, 2019 letter, which concluded that Plaintiff's symptoms "significantly interfere[] with his ability to work," and Dr. Castro's treatment notes, which documented Plaintiff's condition as waxing and waning and continuing to cause significant symptoms of anxiety, depression, and hypomania. *Id.* at 47–48.

Moreover, the ALJ did not include any discussion of Plaintiff's daily activities in her analysis of Plaintiff's subjective complaints,[4] and the ALJ did not address Judge Louis' finding that she overlooked evidence of Plaintiff's daily activities and self-reported abilities. In particular, Judge Louis found that the ALJ overlooked evidence such as Plaintiff's Function Report, where he claims that he "skips days of bathing, eats once a day, only leaves his residence to see the doctor and therapist, and has trouble talking and getting along," and Dr. Miro's treatment notes, which documented Plaintiff's reports that he "stays home most of the time, experiences anxiety and impatience, and denies going to the supermarket for grocery shopping." *Id.* at 49.

---

[4] The ALJ should have included at least some analysis of Plaintiff's daily activities when determining the credibility of his subjective complaints. *See Davis v. Astrue*, 287 F. App'x 748, 760 (11th Cir. 2008) (explaining that "[w]hen evaluating a claimant's subjective symptoms, the ALJ must consider . . . the claimant's daily activities").

Consequently, since the ALJ relied on evidence that Judge Moore previously ruled was not substantial evidence to discredit Plaintiff's testimony and otherwise failed to address problems that Judge Louis, and by extension Judge Moore, found with the ALJ's prior credibility analysis, the Court finds that the ALJ failed to comply with Judge Moore's remand order. Having failed to do so, the ALJ committed legal error. *Russ*, 2009 WL 764516, at *6 ("[A]n ALJ commits legal error by not following the mandate of the court."). And because a claimant's subjective testimony about his or her pain or symptoms that is supported by medical evidence can be sufficient to support a finding of disability, *see Foote v. Chater,* 67 F.3d 1553, 1561 (11th Cir. 1995), the Court concludes that the ALJ's error was not harmless. Accordingly, the Court recommends remanding the matter for the ALJ to reevaluate Plaintiff's subjective testimony and to reassess Plaintiff's RFC to the extent necessary based on that new evaluation.

### D. The ALJ's Fifth-Step Analysis

Lastly, Plaintiff argues that the ALJ's hypothetical to the vocational expert did not adequately cover his limitations. DE 12 at 29. As such, Plaintiff maintains that the ALJ's finding at the fifth step of the disability analysis is not supported by substantial evidence. *See id.* This argument, however, presupposes that Plaintiff is as limited as he claims and is more limited than the ALJ found in his RFC assessment.

During the October 11, 2023 hearing, the ALJ posed a hypothetical to the vocational expert based on Plaintiff's RFC assessment, and the vocational expert responded that such an RFC would preclude Plaintiff's past relevant work. DE 9-8 at 49–51. However, the vocational expert responded that there are jobs in the national economy that someone with Plaintiff's RFC could perform, such as a store laborer, industrial cleaner, or laundry worker. *Id.* at 51–52. Therefore, there is substantial evidence to support the ALJ's finding that there are jobs in the national economy that Plaintiff could perform based on the ALJ's RFC assessment. *See id.* at 18 (finding Plaintiff could successfully adjust

17

to other jobs existing in the national economy, such as a store laborer, industrial cleaner, or laundry worker). That being said, should Plaintiff's RFC assessment change on remand, the ALJ should reevaluate whether to proceed to step five of Plaintiff's disability analysis and, if so, reevaluate the outcome of the fifth step.

## V. Recommendation

For the foregoing reasons, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** Plaintiff's Motion for Summary Judgment [DE 19] and **DENYING** Defendant's Motion for Summary Judgment [DE 17]. Specifically, the Court **RECOMMENDS GRANTING** Plaintiff's Motion insofar as the Court **RECOMMENDS** remanding the matter for the ALJ to reevaluate Dr. Castro's opinion and Plaintiff's subjective testimony and to reassess Plaintiff's RFC to the extent necessary based on the ALJ's new evaluation.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 3rd day of February, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE