UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-21251-CIV-DAMIAN/AUGUSTIN-BIRCH

**RAUL JIMENEZ**,

    Plaintiff,

v.

**LELAND DUDEK**,
Acting Commissioner of Social Security
Administration,

    Defendant.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Parties' cross motions for summary judgment and the Report and Recommendation of United States Magistrate Judge Panayotta Augustin-Birch, entered on February 3, 2025 [ECF No. 20] ("Report"). In the Report, the Magistrate Judge recommends granting in part Plaintiff's Motion for Summary Judgment [ECF No. 12], denying Defendant's Motion for Summary Judgment [ECF No. 17], and remanding the matter to the Administrate Law Judge ("ALJ") for further evaluation. The Parties did not file objections to the Report, and the time to do so has passed. The matter is now ripe for review.

THE COURT has considered the Report, the parties' briefing, the record in this case, and relevant authorities and is otherwise fully advised.

On April 4, 2024, Plaintiff, Raul Jimenez ("Plaintiff"), filed a Complaint seeking review of a final decision by Defendant, Leland Dudek, Acting Commissioner of the Social Security Administration's (the "Commissioner" or "Defendant"),[1] denying Plaintiff's claim

---

[1] On February 17, 2025, Leland Dudek was appointed Acting Commissioner of the Social Security Administration and is automatically substituted as Defendant, pursuant to Federal Rule of Civil Procedure 25(d).

for Social Security Disability Insurance benefits. *See generally* Compl. [ECF No. 1]. Specifically, Plaintiff seeks judicial review of the ALJ's decision, entered on January 26, 2024, following a remand order entered by the Honorable K. Michael Moore in *Jimenez v. Kijakazi*, Case No. 1:20-cv-25178-KMM. *See id.* at 2.

This matter was referred to Magistrate Judge Augustin-Birch for a report and recommendation on dispositive matters. *See* ECF No. 7. On June 25, 2024, Plaintiff filed a Motion for Summary Judgment seeking remand of his case to the Commissioner for an award of benefits or, in the alternative, further examination, analysis, and a new decision. [ECF No. 12 ("Plaintiff's Motion")]. On September 16, 2024, Defendant filed a Motion for Summary Judgment requesting the Court affirm the decision of the Commissioner. [ECF No. 17 ("Defendant's Motion")].

On February 3, 2025, Magistrate Judge Augustin-Birch issued the Report now before the Court. [ECF No. 20]. In her Report, Judge Augustin-Birch recommends granting in part Plaintiff's Motion, denying Defendant's Motion, and remanding the case for further evaluation by the ALJ. As noted above, neither party filed objections to Judge Augustin-Birch's Report, and the time for filing objections has passed.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of

review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

In the Report, Magistrate Judge Augustin-Birch makes the following findings: (1) the ALJ properly evaluated Dr. Mayra Miro's opinion pursuant to the remand order (*see* Report at 6–9); yet (2) the ALJ erred when evaluating and discounting Dr. Anthony M. Castro's opinion on remand as that conclusion was not supported by substantial evidence (*see id.* at 10–13); and (3) the ALJ erred in failing to comply with the remand order when evaluating Plaintiff's subjective testimony (*see id.* at 14–17). This Court agrees and accepts the Magistrate Judge's findings.

For these reasons, and finding no clear error on the face of the record, this Court fully agrees with the well-reasoned analysis and recommendations stated in Judge Augustin-Birch's Report. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation **[ECF No. 20]** is **AFFIRMED AND ADOPTED**.

3

2. Plaintiff's Motion for Summary Judgment **[ECF No. 12]** is **GRANTED IN PART**, and Defendant's Motion for Summary Judgment **[ECF No. 19]** is **DENIED**.

4. The decision of the Commissioner is **REVERSED**, and this case is **REMANDED** to the Administrative Law Judge as follows:

   a) To reassess the findings regarding Dr. Anthony M. Castro's medical opinion and to provide further evidence in support of the renewed conclusion;

   b) To reconsider Plaintiff's own testimony regarding his symptoms and impairments and to provide further evidence in support of a renewed conclusion;

   c) To reassess Plaintiff's RFC to the extent necessary based on the new evaluations as described above; and

   d) To redetermine whether it is necessary to proceed to Step Five of the analysis in light of the ALJ's reconsideration of Plaintiff's RFC limitations as described above.

5. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 26th day of February, 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Counsel of record